310 S.E.2d 693

**Robert L. GODBEY**

v.

**Rebecca J. GODBEY.**

**No. 15847.**

Supreme Court of Appeals of West Virginia.

Dec. 14, 1983.

James Allan Colburn, Huntington, for appellant.

Robert K. Means, Huntington, for appellee.

PER CURIAM:

Rebecca and Robert Godbey were married in September, 1953 and divorced in January, 1983. She has appealed their Cabell County Circuit Court final divorce decree because it failed to grant her an equitable interest in one-half of all the real and personal property in Robert's name only. We agree and remand.

The Godbeys were married in Arkansas in 1953 while Robert was in the service. Both had started college before marriage, but after they were married, only Robert completed his education. For the first years of their marriage—while Robert was stationed in Alaska, while he acquired his undergraduate degree, and during his law school education—Rebecca worked full

time. She also worked to supplement their income during his first year of law practice. After that she worked in the home and raised three children, one of whom was still a minor at the time of their divorce.

The parties separated in October of 1979. Robert filed a complaint in October, 1981, but it was not served until October, 1982. Two days later Rebecca filed her answer, counterclaim and an original complaint. The civil actions were consolidated in November, 1982, and were heard on December 30, 1982.

Mrs. Godbey's claim for equitable distribution of property was denied by the trial court because she had not shown that she was entitled to impress a constructive trust on his property. She was found to be without fault, and a dutiful and faithful wife for the twenty-nine year marriage. Divorce was granted for voluntary separation, but the court found that Robert was guilty of "fault" sufficient to justify an award of alimony.

He was ordered to pay three hundred dollars per month child support until his minor son turned eighteen; to pay Mrs. Godbey thirty-nine thousand dollars alimony payable in the following manner: six hundred fifty dollars per month for sixty months; three thousand dollars a year prepaid in January for five years, and the balance of each year's alimony to be paid at four hundred dollars per month for five years; to transfer title to one car; and he voluntarily deeded her one-half interest in their marital home. The court awarded her all the household goods and possessions in the marital domicile and use of it until their minor son reached majority.

In her complaint to the trial court, Mrs. Godbey stated:

### VI.

Plaintiff further says that plaintiff and defendant have for many years acquired property, both real and personal, which was titled in the name of the defendant, upon the defendant's representations that such arrangement would require the payment of less taxes. That the following items of property are titled in the defendant's name:

[There are five pieces of real estate including the marital domicile, two cars, a truck, household goods and furnishings and other personal property, particularly an investment account, savings account, law business income and personal checking account.] *

TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . . $526,000.00

### VII.

Plaintiff has, since September 3, 1953, provided a home, been a loving mother and wife, helpmate and homemaker. She has borne and raised the three children of the marriage. She has forgave [sic] personal economic, social and emotional growth in order to provide support comfort encouragement and stability for the career development of the defendant. She is now working at a minimum wage and cannot now nor will she ever achieve independence as [a] social or economic person due to her delay and subordination of those goals to those of the defendant. She is therefore entitled to a proportionate share of the realty, goods, chattels and monies titled in or in the possession and control of the defendant.

WHEREFORE, plaintiff prays that she be awarded the following relief:

.    .    .    .    .

3. Equitable title to one-half (½) of all of the real estate and one-half (½) of the profits therefrom.

.    .    .    .    .

5. One-half (½) of the rents from the real estate.

.    .    .    .    .

7. One-half (½) of all the stocks, bonds, investment accounts, monies, and

* We recognize that some of the over $500,000 worth of property now belongs to Mrs. Godbey—one-half interest in her home, one of the cars, and the household furnishings. Therefore, application of equitable distribution may or may not result in material enhancement of the wife's estate, depending, of course, on the valuations found on retrial.

certificates of deposit in the name of or under control of the defendant.

.    .    .    .    .

13.   [Requiring defendant to make her the irrevocable beneficiary of $100,000 in life insurance.]

We believe that this complaint adequately seeks equitable distribution for homemaker services.  In *LaRue v. LaRue*, 172 W.Va. 158, 304 S.E.2d 312, 325 (1983), we declared that courts may decree equitable distribution of real and personal property for homemaker services, and that the holding would apply "to cases presently on appeal to this Court where an equitable distribution claim for homemaker services has actually been presented in the lower court."  Mrs. Godbey presented her appeal in March, 1983, and our *LaRue* decision was filed in May, 1983.  She has presented a case to which we clearly spoke in *LaRue*.

We reverse the trial court's final decree inasmuch as it determined she was not entitled to equitable distribution of real and personal property assets under a constructive trust theory, and remand for consideration according to *LaRue*.

Reversed and remanded.